## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANCIS B. FREEMAN, JR., *et al.*, derivatively on behalf of TESLA, INC. | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-317-VAC-CJB |
| ELON MUSK, *et al.*, | ) ) ) | |
| Defendants, | ) ) ) | |
| and | ) ) ) | |
| TESLA, INC., a Delaware corporation, | ) ) ) | |
| Nominal Defendant. | ) ) | |
| ARKANSAS TEACHER RETIREMENT SYSTEM, *et al.*, derivatively on behalf of TESLA, INC. | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 17-461-VAC-CJB |
| ELON MUSK, *et al.*, | ) ) ) | |
| Defendants, | ) ) ) | |
| and | ) ) ) | |
| TESLA, INC., a Delaware corporation, | ) ) ) | |
| Nominal Defendant. | ) | |

**ORDER OF CONSOLIDATION AND APPOINTMENT OF
<u>CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL</u>**

WHEREAS, it appears that the above-captioned actions involve claims based on the same subject matter, and that the administration of justice would best be served by consolidating the

actions, and for good cause shown,

**IT IS HEREBY ORDERED:**

1. The above-captioned actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Civil Action No. 17-317-VAC-CJB (the "Consolidated Action") pursuant to Federal Rule of Civil Procedure 42(a).

2. Hereafter, papers need only be filed in the Consolidated Action.

3. Every subsequent pleading filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

| | | |
|---|---|---|
| IN RE TESLA, INC. STOCKHOLDER LITIGATION | ) ) | Civil Action No. 17-317-VAC-CJB Consolidated |

4. This Order shall apply to each shareholder derivative action filed on behalf of Tesla, Inc. arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, remanded to, re-assigned to, or transferred to this Court. Any such subsequently filed action shall be consolidated into this action as provided below.

5. When a case which properly belongs as part of *In re Tesla, Inc. Stockholder Litigation*, Civil Action No. 17-317-VAC-CJB, is hereafter filed in this Court, reassigned to this Court, or transferred here from another court, the Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, reassignment, or transfer of such a case. Co-Lead Counsel shall assist in assuring that counsel in such subsequent actions receive notice of this Order. Upon receiving such Order, counsel for the new action shall have 10 days to file papers as to why the new action should not be consolidated. Any party may thereafter file responsive papers with respect to such filing within 14 days thereafter.

6. Defendants shall have no obligation to respond to any complaint filed or discovery served in the above-captioned actions or any other action subsequently consolidated herewith. Within 30 days from the date of this Order, either: (1) a consolidated amended complaint shall be filed in the Consolidated Action and shall be deemed the operative complaint; or (2) one of the complaints shall be designated as the operative complaint. The operative complaint shall supersede all previous complaints filed in any of the actions or any other action subsequently consolidated herewith. After filing or designation of the operative complaint, the parties shall confer regarding the timing of the response to the operative complaint.

7. Arkansas Teacher Retirement System, Boston Retirement System, Oklahoma Firefighters Pension and Retirement System, Roofers Local 149 Pension Fund, KBC Asset Management NV, ERSTE-SPARINVEST Kapitalanlagegesellschaft m.b.H. and Stichting Blue Sky Active Large Cap Equity Fund USA are hereby designated as Co-Lead Plaintiffs.

8. The law firms of Grant & Eisenhofer P.A., Kessler Topaz Meltzer & Check, LLP and Robbins Geller Rudman & Dowd LLP are hereby designated as Co-Lead Counsel for Plaintiffs ("Co-Lead Counsel").

9. Co-Lead Counsel shall set policy for plaintiffs for the prosecution of this litigation, delegate and monitor the work performed by plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of plaintiffs the initiation and conduct of discovery proceedings, and provide supervision and coordination of the activities of Plaintiffs' counsel. Co-Lead Counsel shall have the authority to negotiate a settlement, subject to approval of Plaintiffs and the Court. Any agreement reached between counsel for Defendants and Co-Lead Counsel shall be binding on all other Plaintiffs.

10. Co-Lead Counsel shall assume the following powers and responsibilities:

   a. coordinate and direct the preparation of pleadings;

   b. coordinate and direct the briefing and argument of motions;

   c. coordinate and direct the conduct of discovery and other pretrial proceedings;

   d. conduct any and all settlement negotiations with counsel for the Defendants;

   e. coordinate and direct the preparation for trial and trial of this matter, and to delegate work responsibilities to selected counsel as may be required; and

   f. coordinate and direct any other matters concerning the prosecution or resolution of the consolidated action.

11. All papers and documents previously filed and/or served in any of the cases consolidated herein shall be deemed a part of the record in the Consolidation Action.

Dated: February 15, 2018

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE